UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JAMES M.,

            Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

            Defendant.
_____

**DECISION AND ORDER**

1:24-CV-00584

## INTRODUCTION

*Pro se* plaintiff James M. ("Plaintiff") brings this action pursuant to Title XVI of the Social Security Act ("Act"), seeking review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income. (Dkt. 1). Currently pending before the Court are Plaintiff's motions for appointment of counsel and for an extension of time to file a motion for judgment on the pleadings. (Dkt. 15; Dkt. 16). For the reasons set forth below, Plaintiff's motion for an extension of time to file a motion for judgment on the pleadings (Dkt. 15) is granted, and the motion for appointment of counsel (Dkt. 16) is denied without prejudice.

    **I.**    **Motion to Appoint Counsel**

It is well-settled that unlike criminal defendants, civil litigants do not have a constitutional right to appointed counsel in civil cases. *Burgos v. Hopkins*, 14 F.3d 787, 789 (2d Cir. 1994). The Court has the discretion to appoint counsel to an indigent litigant pursuant to 28 U.S.C. § 1915(e) when it deems it appropriate. *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988).

In deciding whether appointment of counsel is appropriate, the Court must consider the following factors:

1. Whether the indigent's claims seem likely to be of substance;
2. Whether the indigent is able to investigate the crucial facts concerning her claim;
3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;
4. Whether the indigent is able to present the case;
5. Whether the legal issues involved are complex; and
6. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police*, 802 F.2d 58, 61-62 (2d Cir. 1986). Additionally, the Court must consider the issue of appointment carefully because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks*, 114 F.3d at 392, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and [plaintiff's] chances of prevailing are therefore poor." *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

Here, the Court has previously made a determination regarding Plaintiff's indigent status when it granted Plaintiff's motion to proceed *in forma pauperis* in the instant matter. (Dkt. 3). But applying the above factors to Plaintiff's case, the Court finds that the appointment of counsel is not warranted at this time.

For purposes of this application, the Court will assume, without deciding, that this case may be of substance. With that being said, the case does not present novel or overly complex legal issues. *Lauro v. Comm'r of Soc. Sec.*, No. 6:12-CV-912 (MAD/DEP), 2012 WL 12929879, at *1 (N.D.N.Y. Dec.18, 2012) (review of a decision of the Commissioner is not an overly complex matter).

Although Plaintiff states that he does not have funds to hire an attorney, Plaintiff's "stated inability to afford an attorney alone is not a basis for appointment of counsel because it is a situation many pro se parties face." *Daniel G. v. Comm'r of Soc. Sec.*, No. 5:23-CV-1445 (DJS), 2024 WL 2160447, at *1 (N.D.N.Y. Mar. 28, 2024), *denied*, No. 5:23-CV-1445 (DJS), 2024 WL 2160450 (N.D.N.Y. Apr. 29, 2024). Although Plaintiff indicates that his impairments prevent him from adequately representing his interests and from filing a basic document (Dkt. 16 at ¶ 4), the record demonstrates that Plaintiff can litigate this matter unassisted because he has already properly presented his claims in the complaint, articulated concisely and with clarity his request for *in forma pauperis* relief, and filed several exhibits with detailed explanation of his medical impairments. (Dkt. 1; Dkt. 10; Dkt. 13).

Moreover, Plaintiff does not provide an explanation as to why he was unable to complete the paperwork to retain counsel, or who exactly he sought legal help from in the

State of Pennsylvania. (Dkt. 16 at ¶¶ 3(a) and (b)). The Court notes that Plaintiff's explanation of his efforts to obtain counsel are important to the Court's inquiry particularly in the context of Plaintiff's matter since most social security practitioners do not require payment of fees at the outset of a party's litigation in federal court. *See McCormick v. Comm'r of Soc. Sec.*, No. 3:16-cv-00931(AVC), 2016 WL 11613848, at *1 (D. Conn. Nov. 1, 2016) ("Because volunteer-lawyer time is in short supply, a plaintiff seeking appointment of counsel must show first that she 'sought counsel and has been unable to obtain it.'") (citation omitted).

The Court also notes that cases like this one do not require litigants to question witnesses or be subject to cross-examination, and that a ruling on appeal is typically made on the parties' submissions. *Rodney S. v. Comm'r of Soc. Sec.*, No. 3:20-CV-810 (ATB), 2020 WL 13929055, at *2 (N.D.N.Y. July 22, 2020) ("Pro se plaintiffs in social security actions are not required to conduct discovery. There is no trial in Social Security cases. Thus, pro se plaintiffs are not required to question witnesses, and will not be subjected to cross-examination themselves."). As for the last factor, the Court "is unaware of any special reason why appointment of counsel *at this time* would be more likely to lead to a just determination of this litigation." *Lauro*, 2012 WL 12929879, at *1.

In light of the foregoing, the Court finds that based on the existing record, Plaintiff is capable of presenting his arguments in a manner that allows this Court's judicial review of the Commissioner's determination without assistance of legal counsel.  Accordingly, appointment of counsel is unwarranted.  Plaintiff is advised that any future motion for appointment of counsel must be substantiated by Plaintiff's showing of specific change of circumstances that would warrant appointment of counsel in light of the above factors. *Id.*

## II.     Motion for an Extension of Time to File Plaintiff's Dispositive Motion

Plaintiff's motion for an extension of time to file a motion for judgment on the pleadings is granted.  Plaintiff's deadline to submit his brief is extended to July 2, 2025. Although Plaintiff has previously been provided with a copy of Local Rule of Civil Procedure 5.5, the Clerk of Court is instructed to mail a copy of the Rule to Plaintiff to assist him with filing of his legal brief in accordance with the format prescribed by paragraph (d) of Local Rule 5.5.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion for an extension of time to file Plaintiff's motion for judgment on the pleadings (Dkt. 15) is granted and the motion to appoint counsel (Dkt. 16) is denied without prejudice.  Plaintiff's deadline to file his motion for judgment on the pleadings is extended to July 2, 2025.  The Clerk of Court is directed to mail a copy of Rule 5.5 of Local Rules of Civil Procedure to Plaintiff.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:      May 21, 2025
            Rochester, New York